890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arville JOHNSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPT. OF LABOR, Respondent.
 No. 89-3211.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1989.
 
 Before MERRITT, Chief Judge, and WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This appeal involves the question of whether substantial evidence supports the Director's decision denying the petitioner benefits. Because the petitioner was not given a complete pulmonary evaluation as required by the regulations, we reverse the denial of benefits and remand to the deputy commissioner so that the petitioner may obtain the requisite pulmonary tests.
 
 I.
 A.
 
 2
 The Secretary initially denied benefits to the petitioner. The petitioner sought a hearing before an ALJ which was held on June 8, 1987. On October 28, 1987, the ALJ issued his decision denying the petitioner benefits. The ALJ's decision was affirmed by the Benefits Review Board on January 25, 1989. From that determination, the petitioner appeals to this court.
 
 
 3
 At the hearing before the ALJ, the petitioner established that he had twelve years of coal mine employment, that he had pneumoconiosis, and that the pneumoconiosis arose out of his coal mine employment. However, the ALJ concluded that the petitioner had failed to establish that he was totally disabled due to pneumoconiosis. The claimant relied heavily on the testimony of Dr. Bruce Guberman.
 
 
 4
 Dr. Guberman examined the petitioner on January 28, 1984. The doctor's examination revealed that the petitioner has a chronic cough, shortness of breath, a history of high blood pressure, and some chest pain. His pulse and blood pressure were normal. The doctor also ran several tests on the petitioner, including a chest x-ray, a pulmonary function and an arterial blood gas study, and an electrocardiogram. The x-ray was negative for the existence of pneumoconiosis. The pulmonary function study yielded values which were below the normal predicted values. The technician who performed this test stated that he believed the results were not valid since he felt that the petitioner did not mentally comprehend the nature of the test. Dr. S.S. Kraman also invalidated the test results since the petitioner put out a less than optimal effort and because the claimant had a poor mental state.
 
 
 5
 There were also conflicting interpretations of an EKG. Initially, Dr. Guberman interpreted it as normal, but he later determined that the EKG was abnormal. Dr. Guberman stated that he was unable to complete the blood gas study because the petitioner had an abnormal EKG and hypertension. In light of his findings, Dr. Guberman concluded that the petitioner was capable of performing only sedentary activities.
 
 
 6
 Contrary to Dr. Guberman's findings, the ALJ interpreted the EKG as normal and found the resting blood gas study normal. Since Dr. Kraman and the technician contradicted Dr. Guberman's evidence and since the negative x-ray contradicted Dr. Guberman's findings, the ALJ concluded that the petitioner was not limited to sedentary work and was therefore not totally disabled. The petitioner appeals, claiming that the ALJ erred in rejecting Dr. Guberman's testimony.
 
 B.
 
 7
 The standard of review in this type of case is whether the decision denying the petitioner benefits is supported by substantial evidence. "The ALJ's findings may not be set aside if they are based upon substantial evidence viewing the record as a whole, even if this court would have taken a different view of the evidence were it the trier of fact." Neace v. Director, Office of Workers Compensation Programs, 867 F.2d 264, 267 (6th Cir.1989). In this case, the ALJ found that the petitioner had pneumoconiosis and that it arose out of coal mine employment.
 
 
 8
 The ALJ found, however, that the petitioner was not totally disabled and denied him benefits. Under 20 C.F.R. Sec. 718.204(c)(4), one is totally disabled:
 
 
 9
 if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment....
 
 
 10
 The burden is on the petitioner to prove that he is totally disabled due to the pneumoconiosis. Strike v. Director, Office of Workers' Compensation Programs, 817 F.2d 395, 399 (7th Cir.1987).
 
 
 11
 The petitioner claims the ALJ erred in refusing to give Dr. Guberman's testimony credit because there is no medical evidence in the record to contradict Dr. Guberman's conclusion. This argument must fail because we have held:
 
 
 12
 [t]he mere fact that an opinion is asserted to be based upon medical studies cannot by itself establish as a matter of law that it is documented and reasoned. Rather, that determination requires the factfinder to examine the validity of the reasoning of a medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based.
 
 
 13
 Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 255 (6th Cir.1983) (footnote omitted). We conclude that the medical evidence upon which Dr. Guberman relied is clearly insufficient to support a finding that petitioner could perform only sedentary work, and therefore the ALJ did not err in rejecting Dr. Guberman's conclusions.
 
 
 14
 Nevertheless, we hold that a remand is necessary in order for the petitioner to undergo a complete pulmonary examination. Under 20 C.F.R. Sec. 718.101, the Director must provide the claimant with the opportunity to have a "complete pulmonary evaluation including, but not limited to, a test roentgenogram (x-ray), physical examination, pulmonary function tests and a blood-gas study." If the tests are not performed in compliance with Part 718, the Director must allow the claimant the opportunity to undergo further testing. 20 C.F.R. Sec. 725.406(b). Since Dr. Guberman failed to perform the testing and evaluation in accord with Part 718, a remand is necessary to allow the claimant to undergo a proper pulmonary evaluation. Therefore, the decision denying benefits to appellant is VACATED and the case is REMANDED in order for the appellant to obtain the necessary test results.
 
 
 
 *
 THE HONORABLE ROBERT E. DeMASCIO, United States District Court for the Eastern District of Michigan, sitting by designation