980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elburn KEITH, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-3433.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Elburn Keith, through counsel, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Further, the parties have waived oral argument in this case.
 
 
 2
 The claimant filed for black lung benefits on January 23, 1989. After the claim was administratively denied on two separate occasions, the claimant requested a formal hearing before an Administrative Law Judge (ALJ) which took place on November 5, 1990. Thereafter, the ALJ issued a Decision and Order denying benefits. Applying Part 718 of the regulations, the ALJ found that Keith had established he had pneumoconiosis and that this disease was due to his past employment in the coal mining industry. However, the ALJ found that Keith had not established total disability, as required to be entitled to benefits pursuant to 20 C.F.R. § 718.204(b).
 
 
 3
 On appeal to the BRB, the claimant did not dispute that total disability was not established pursuant to §§ 718.204(c)(1)-(c)(3); however, Keith challenged the ALJ's finding that total disability had not been shown by the only physician's opinion of record, that of Dr. Glen Baker. The BRB found that the ALJ permissibly found Dr. Baker's opinion not sufficient to establish a total pulmonary or respiratory disability, because Dr. Baker had concluded Keith suffered from only a mild respiratory impairment. Thus, the Board affirmed the ALJ's denial of benefits as supported by substantial evidence. On appeal, Keith again argues that Dr. Baker's report is sufficient to establish total disability pursuant to § 718.204(c)(4).
 
 
 4
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 Because this claim was filed on January 23, 1989, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this part of the regulations, Keith must show: 1) that he has pneumoconiosis; 2) his pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 6
 The only issue remaining to be decided is whether Keith has met his burden of proving that his pneumoconiosis has rendered him totally disabled. The record contains substantial evidence to support the ALJ's finding that Keith does not suffer from total disability due to his pneumoconiosis. Dr. Baker's conclusion that Keith's impairment is only "mild or minimal" is sufficient evidence "as a reasonable mind might accept as adequate to support" the ALJ's determination that Keith is not totally disabled due to his respiratory disease. Ramey, 755 F.2d at 488 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 7
 On appeal, the Director argues that this case should be remanded because Dr. Baker's report is not sufficient to discharge the Department of Labor's duty of providing a miner with a complete pulmonary examination, pursuant to the Act and the regulations. 30 U.S.C. § 923(b); 20 C.F.R. §§ 718.101 and 725.405(b). The Director specifically argues that "while Dr. Baker provided a reasoned and documented opinion, he failed to address a crucial element of entitlement," i.e., whether Keith's mild respiratory impairment was of a sufficient degree to prevent the miner from performing his usual coal mine employment. See 20 C.F.R. § 718.204(b).
 
 
 8
 Contrary to the Director's arguments, the DOL has satisfactorily discharged its duty of providing this claimant with a complete pulmonary examination. The relevant part of § 718.101 calls for a "complete pulmonary evaluation including, but not limited to, a chest roentgenogram (X-ray), physical examination, pulmonary function tests and a blood-gas study." The quality standards for physicians' reports under Part 718, in order to show pneumoconiosis and total disability therefrom, are found in § 718.104. In that section, it is stated that a physical examination report shall include the miner's medical employment history, a chest x-ray, and a pulmonary function test. This section also states that the physician may use his or her judgment in conducting other procedures, such as electrocardiograms, blood gas studies and other blood gas analyses in evaluating the miner for manifestations of respiratory disease. A physician's opinion is sufficient to be used as a basis for finding total disability pursuant to § 718.204(c)(4) where a physician "exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment as described in paragraph (b) of this section...."
 
 
 9
 In this case, it is undisputed that Dr. Baker performed a full examination and based his conclusions on certain objective tests ordered by that physician, including an x-ray, pulmonary function test and blood gas study. Moreover, this examination report shows that the physician was aware of the coal miner's history in the coal mines, symptomotology and history of disease, including a possible heart condition and other unrelated ailments. It is also undisputed that the objective tests performed by Dr. Baker were valid and "internally consistent" with his report and ultimate conclusions as to Keith's respiratory condition and general diagnoses.
 
 
 10
 The Director's only contention is that the physician "did not indicate whether a respiratory impairment of the degree observed would prevent claimant from performing the physical requirements of his last coal mine job as a coal loader, or provide sufficient information to allow the ALJ to draw such an inference." However, this issue was addressed on the DOL medical history examination form, posing the following question to Dr. Baker:
 
 
 11
 8. Impairment--if the patient has chronic respiratory or pulmonary disease, give your medical assessment--with rationale--of: a. The degree of severity of the impairment, particularly in terms of the extent to which the impairment prevents the patient from performing his/her current or last coal mine job of one year's duration ...
 
 
 12
 In response to this question, Dr. Baker replied "mild or minimal." Admittedly, Dr. Baker could have gone into greater detail in providing an explanation for his answer to this question. However, this lack of more detailed explanation does not render Dr. Baker's report inadequate in fulfilling the DOL's obligation to provide Keith with a full pulmonary examination and report.
 
 
 13
 The two cases the Director cites in his brief in support of his argument may be easily distinguished from the facts before this court. See Newman v. Director, OWCP, 745 F.2d 1162 (8th Cir.1984); Johnson v. Director, OWCP, No. 89-3211 (6th Cir. Nov. 30, 1989). In those cases, the medical opinions were discredited due to insufficient quality or lack of valid objective tests to support the physicians' conclusions in those cases. In both cases, as a result, the record was left void of any reliable medical opinion whatsoever in order for the ALJ to determine the claimant's respiratory condition or alleged disability therefrom. As stated prior, the medical report in this case has not been rendered invalid. Dr. Baker performed a full and adequate examination on which the ALJ could base his decision. Therefore, the ALJ's determination that Keith has not met his burden of proving total disability under the Act and regulations is supported by substantial evidence. Ramey, 755 F.2d at 488.
 
 
 14
 Accordingly, the petition for review is hereby denied and the BRB's decision is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.