PEABODY COAL COMPANY; and Old
Republic Insurance Company,
Petitioners,

v.

Harlan O'Bryan SMITH; and Director,
Office of Workers' Compensation Pro-
grams, United States Department of La-
bor, Respondents.

No. 96–3598.

United States Court of Appeals,
Sixth Circuit.

Argued July 30, 1997.

Decided Oct. 7, 1997.

Laura Metcoff Klaus (briefed), Mark E. Solomons (argued and briefed), Arter & Hadden, Washington, DC, for Petitioners.

Joseph H. Kelley (argued and briefed), Monhollon & Kelley, Madisonville, KY, for Respondent Harlan O'Bryan Smith.

Christian P. Barber, Gary K. Stearman, U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Respondent Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before: NORRIS, BATCHELDER, and DAUGHTREY, Circuit Judges.

NORRIS, J., delivered the opinion of the court, in which BATCHELDER, J., joined. DAUGHTREY, J. (pp. 507–10), delivered a separate dissenting opinion.

ALAN E. NORRIS, Circuit Judge.

Petitioner, Peabody Coal Company ("Peabody"), and its insurer seek review of a decision and order of the United States Department of Labor's Benefits Review Board ("Board"), affirming a decision and order of an administrative law judge ("ALJ") granting black lung disability benefits to claimant, Harlan O'Bryan Smith. Peabody argues that the Board erred by allowing Smith to prove that his totally disabling respiratory or pulmonary impairment was due to pneumoconiosis so long as Smith could show that his pneumoconiosis played any role, no matter how slight or inconsequential, in his disability. We disagree that this is the proper causation standard and therefore hold that total disability cannot be said to be "due to pneumoconiosis" if the miner's pneumoconiosis is but infinitesimally involved in his disability. Accordingly, we reverse the Board's order and remand this case for reconsideration of the evidence under the proper standard.

## I.

Smith submitted an application for disability benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901–945, on April 28, 1991. Smith has seven years of formal education, and he was fifty-five years old when he filed the application. The record discloses that Smith worked as a coal miner for a total of thirty-three years, ending in 1991, of which he spent only two years working underground. The record further discloses that he has been smoking cigarettes from the time he was a teenager. The Office of Workers' Compensation Programs ("OWCP") initially determined that Smith was entitled to benefits. Peabody disagreed and requested a formal hearing before an ALJ.

A hearing was held on November 2, 1992. The evidence indicated that Smith suffers from a totally disabling respiratory impairment, that he suffers from pneumoconiosis, and that his pneumoconiosis arose out of his coal mine employment. The evidence, however, was equivocal regarding the degree of causation between the pneumoconiosis and Smith's total disability. On March 1, 1993, the ALJ issued a decision and order, concluding that Smith was not entitled to benefits because the evidence failed to establish that his total disability was due, at least in part, to pneumoconiosis or that the disease contributed thereto. Smith appealed the decision to the Board, contending that the ALJ applied the wrong standard for establishing disability causation, and that he mischaracterized some of the evidence. On appeal, the Board concluded that while the ALJ did apply the correct causation standard, he improperly discredited or discounted some of the medial evidence regarding disability causation. Accordingly, the Board remanded the case to the ALJ with instructions to reconsider the evidence and to determine whether Smith established that he is totally disabled due to pneumoconiosis.

On remand, the ALJ concluded that, after reconsideration, the evidence was in fact sufficient to establish that Smith's total pulmonary disability is due, at least in part, to his coal miner's pneumoconiosis. Regarding the necessary degree of causation, the ALJ wrote "[s]ince it appears that no guidance

will be, or perhaps cannot be, provided regarding the meaning of 'at least in part', it must be and is assumed that, if pneumoconiosis plays any role, however slight, in a miner's total disability, he is entitled to benefits." The ALJ concluded, that "[s]ince a miner need not do anything more than produce evidence that his pneumoconiosis which arose out of coal mine employment is some how or some way, however slight, involved in his total disability, which this Claimant has accomplished, benefits must be awarded." The ALJ's decision and order was affirmed by the Board on September 25, 1995. This timely petition for review followed.

## II.

■ The scope of this court's review of a decision of the Board is limited to determining whether it committed legal error or exceeded its statutory scope of review of the ALJ's factual findings, and whether it properly determined that the ALJ's decision is supported by substantial evidence and was reached consistent with applicable law. *See, e.g., Director, OWCP v. Quarto Mining Co.,* 901 F.2d 532, 536 (6th Cir.1990). An award of black lung benefits must be affirmed so long as the ALJ's decision is supported by substantial evidence and is in accordance with the law. *See, e.g., Peabody Coal Co. v. Greer,* 62 F.3d 801, 804 (6th. Cir.1995). Questions of law are, of course, subject to de novo review. *See, e.g., Gibas v. Saginaw Mining Co.,* 748 F.2d 1112, 1119 (6th Cir. 1984).

■ In order to establish eligibility for black lung benefits under the Secretary of Labor's permanent regulations found at 20 C.F.R. Part 718, a miner must prove (1) that he suffers from pneumoconiosis; (2) that his pneumoconiosis arose at least in part out of his coal mine employment; and (3) that he is totally disabled due to pneumoconiosis. *See* 20 C.F.R. §§ 718.2, 718.202–204; *Adams v. Director, OWCP,* 886 F.2d 818, 820 (6th Cir. 1989). Except where a presumption is applicable, the claimant bears the burden of proving each of these elements by a preponderance of the evidence. *See* 20 C.F.R. § 718.403; *Adams,* 886 F.2d at 820. In the present case, it is undisputed that Smith

suffers from pneumoconiosis, that his pneumoconiosis arose out of his coal mine employment, and that he suffers from a totally disabling respiratory or pulmonary impairment. The only question presented on this petition for review is whether the ALJ correctly concluded that Smith proved that he is totally disabled "due to" pneumoconiosis under § 718.204. Specifically, we must determine whether the ALJ found the proper amount of causal connection between pneumoconiosis and total disability before awarding benefits.

Section 901(a) of the Black Lung Benefits Act states that a miner is entitled to benefits only if he is "totally disabled due to pneumoconiosis." 30 U.S.C. § 901(a). We have previously addressed the degree of necessary causation embodied in the term "due to" in *Adams.* In that case, we held that the term "due to" does not require a miner to prove total disability by pneumoconiosis "in and of itself." Rather, we decided that the miner needed only to show that his total disability was due "at least in part" to his pneumoconiosis. 886 F.2d at 825. We believed that this more lenient interpretation is more consistent with the remedial purpose of the Act. *Id.* However, we expressly left open the question of whether evidence that pneumoconiosis has played only an infinitesimal or de minimis part in a miner's totally disabling respiratory impairment would be sufficient to support an award of benefits. 886 F.2d 826 n. 11.

Other circuits that have examined the degree of causation required to prove total disability due to pneumoconiosis have reached different results. The Third Circuit and the Eleventh Circuit have held that a miner must prove by a preponderance of the evidence that pneumoconiosis was a "substantial" contributing cause of his total disability. *See Lollar v. Alabama By–Products Corp.,* 893 F.2d 1258 (11th Cir.1990); *Bonessa v. U.S. Steel Corp.,* 884 F.2d 726 (3d Cir.1989). The courts based this standard upon 20 C.F.R. § 718.205 which specifically provides that a miner will be considered to have died "due to" pneumoconiosis if it was a "substantially contributing cause or factor leading to the miner's death." *See Bonessa,* 884 F.2d at 733; *Lollar,* 893 F.2d at 1264.

In contrast, the Fourth Circuit, the Seventh Circuit and the Tenth Circuit have held that a miner must prove by a preponderance of the evidence that his pneumoconiosis was at least a contributing cause of his totally disabling respiratory impairment. *See Robinson v. Pickands Mather & Co.*, 914 F.2d 35, 38 (4th Cir.1990); *Shelton v. Director, OWCP*, 899 F.2d 690, 693 (7th Cir.1990); *Mangus v. Director, OWCP*, 882 F.2d 1527, 1531 (10th Cir.1989).

 Peabody argues that the ALJ in this case applied an incorrect causation standard because he assumed that any degree of nexus between pneumoconiosis and total disability, no matter how slight or infinitesimal, is sufficient to establish that Smith's total respiratory disability is "due to" pneumoconiosis. We agree with Peabody that the ALJ did in fact apply a de minimis disability causation standard. Indeed, the ALJ went out of his way to stress in his decision that it is inconsequential whether a miner's pneumoconiosis is but infinitesimally involved in his total disability. We further agree with Peabody that the term "due to" in 30 U.S.C. § 901(a) requires a miner to prove more than a de minimis or infinitesimal contribution by pneumoconiosis to his total disability. A miner's disability simply cannot be said to be due to pneumoconiosis when the causation link is so tentative. As we held in *Adams*, the miner does not need to prove total disability by pneumoconiosis "in and of itself." 886 F.2d at 825. Moreover, we believe that the substantial contributing cause standard adopted by the Third and the Eleventh Circuits places an inappropriately heavy burden on the miners that is inconsistent with *Adams*. Nevertheless, a miner must affirmatively establish that pneumoconiosis is a contributing cause of some discernible consequence to his totally disabling respiratory impairment. The miner's pneumoconiosis must be more than merely a speculative cause of his disability. This interpretation of the term "due to" is more consistent with its ordinary meaning, as well as with the purposes of the Act, than is the de minimis standard relied upon by the ALJ in awarding benefits to Smith.

## III.

Accordingly, the Board's order affirming the award of benefits to Smith is **reversed**, and his claim is **remanded** for reconsideration of the evidence under the correct disability causation standard.

DAUGHTREY, dissenting.

Because I conclude that a remand is not required in this case, I respectfully dissent from the majority opinion joined by my colleagues.

As they note, Harlan O'Bryan Smith is a 33-year coal mine veteran, having worked for several employers, including the Peabody Coal Company. In 1991, Smith applied for disability benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945, and a Department of Labor physician later determined that Smith suffered from pneumoconiosis, or Black Lung. The Department of Labor notified Peabody Coal of Smith's condition and Peabody Coal requested a hearing to determine its liability under the Act.

Administrative Law Judge Bernard J. Gilday, Jr. conducted the hearing. As a result of this proceeding, Judge Gilday determined that Smith met most of the requirements in his petition for benefits: he suffers from pneumoconiosis, pneumoconiosis is the result of his work in the coal mines, and he is totally disabled. *See* 20 C.F.R. Pt. 718. The missing link, Judge Gilday concluded, was that Smith had not shown that pneumoconiosis is the cause of his total disability. Under the Sixth Circuit's standard set out in *Adams v. Director, OWCP*, 886 F.2d 818 (6th Cir. 1989), the applicant must show that his disability is due "at least in part" to his pneumoconiosis. *Id.* at 825. Judge Gilday ruled that Smith had not met that burden.

Smith appealed this decision to the Benefits Review Board, which reversed part of the case and remanded it back to Judge Gilday. While noting that Judge Gilday had correctly described the law from *Adams*, the Board determined that he had "mischaracterized" the opinions of two expert witnesses and had improperly relied on the opinion of another expert. Judge Gilday then issued a second

opinion, in which he granted benefits to Smith. In this second review, however, Judge Gilday appeared to take umbrage at the Board's decision, stating that it had "substituted its evaluation of the evidence" for his. He also seemed unduly frustrated with the Board's interpretation of the *Adams* causation standard, declaring that under the Board's ruling, "if pneumoconiosis plays any role, however slight, in a miner's total disability, he is entitled to benefits." Judge Gilday went on to imply that "it is inconsequential whether a miner's pneumoconiosis is but infinitesimally involved in his total disability" under the Board's view of the *Adams* rule.

Peabody Coal appealed the decision back to the Benefits Review Board. The Board, without addressing Judge Gilday's editorial remarks, stated simply that the evidence was sufficient to support his decision under the *Adams* causation standard. When this conclusion is reviewed with the proper degree of deference due the decisions of the Board, I believe that it is supported by substantial evidence and should be affirmed, without the necessity of a remand to the administrative law judge. As this court has restated many times, substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cross Mountain Coal, Inc. v. Ward*, 93 F.3d 211, 215–16 (6th Cir.1996) (internal quotes and citations omitted).

The Black Lung Benefits Act prescribes deference to an administrative law judge's factual determinations. 33 U.S.C. § 921(b)(3). This deference, however, does not require this court or the Benefits Review Board to ignore the application of the law to specific facts. If the judge has misconstrued the law or misapplied it to stated facts, then this court and the Benefits Review Board has plenary authority to correct that error. *See Cal–Glo Coal Co. v. Yeager*, 104 F.3d 827, 830 (6th Cir.1997).

Under the applicable regulations and statutes, a claimant must show that he is "totally disabled due to pneumoconiosis." 20 C.F.R. 718.204(a); *see also* 30 U.S.C. § 901(a). In *Adams*, this court applied that language and held that "in order to qualify for benefits under Part 718, a miner, who is found to suffer from pneumoconiosis under section 718.202, must affirmatively establish only that his totally disabling respiratory impairment ... was due 'at least in part' to his pneumoconiosis." *Adams*, 886 F.2d at 825. In a footnote to that opinion, the court stated that "[n]othing in this record suggests that Adams' pneumoconiosis has played only an infinitesimal or de minimis part in his totally disabling respiratory impairment, so we need not consider here whether such a finding, if supported by substantial evidence, would support a denial of benefits under the Act." *Id.* at 826 n. 11.

Peabody Coal's appeal rests on the language from that last *Adams* footnote. It claims that Judge Gilday mistakenly allowed Smith to receive benefits when he had only shown a *de minimis* causal link between his respiratory disability and his pneumoconiosis. To support this argument, Peabody Coal cites the language from Judge Gilday's second opinion, in which he presumed that the Board had determined that an infinitesimal causal link would satisfy the *Adams* standard. Peabody Coal urges this court to declare that a *de minimis* causal link is not sufficient under *Adams* and that the evidence in this case only amounts to a *de minimis* relationship. Peabody Coal bolsters this argument by alleging that the Benefits Review Board substituted its own view of the facts in its first appellate opinion, reinterpreting what Judge Gilday viewed as insufficient evidence. In support of this point, the company cites Judge Gilday's comments in which he suggested that the Board had overstepped its role by reinterpreting the facts of the case.

This appeal, however, does not involve a *de minimis* causal link nor, in my judgment, has the Benefits Review Board exceeded its appellate role. Considering the tenor and bite of Judge Gilday's second opinion, one could assume, as the majority here apparently does, that Smith had shown practically no relationship between his total respiratory disability and his pneumoconiosis. Judge Gilday's apparent fit of pique and his unsolicited editorial remarks, however, do not necessarily mean that his own interpretation of

the evidence conflicts with the final result of this case. The Board reversed Judge Gilday in the first instance because he misapplied the *Adams* standard and improperly relied on some evidence, not because it thought an infinitely small causal link met the requirements of *Adams*.[1]

The facts, even as outlined by Judge Gilday, provide sufficient evidence for a reasonable person to conclude that Smith's total disability was caused "at least in part" by his pneumoconiosis. Smith's proof includes testimony and documentation from several doctors who found that he had pneumoconiosis in some form. Smith's prior smoking habit and other pulmonary diseases, however, made it difficult for the doctors to conclude whether or not Smith's disability was caused by pneumoconiosis or some other respiratory affliction. One physician, Dr. Glen Baker, determined that both smoking and coal dust had caused Smith's condition. A second physician, Dr. F.H. Taylor, concluded that smoking had probably caused most of Smith's problems, but that he could not rule out coal dust as a small contributing cause. A third physician, Dr. Sam Traughber, determined that both cigarette smoking and coal dust had led to Smith's condition, but that he could not "apportion the amount due to each...."

The only contrary evidence came from one physician, Dr. William Anderson, who found no pneumoconiosis in Smith's lungs and therefore could not offer an opinion as to the causal link between pneumoconiosis and Smith's disability. A second physician, Dr. Emory Lane, determined that Smith had pneumoconiosis but did not offer an opinion as to whether that pneumoconiosis caused his respiratory disability. Judge Gilday, in his first opinion, referred to the findings of Drs. Anderson and Lane in support of his conclusion that Smith's disability was not caused in part by pneumoconiosis. The Board properly corrected Judge Gilday's view of Dr. Anderson's opinion, noting that because Dr. Anderson found no sign of pneumoconiosis, he had no reason to suspect that pneumoco-

niosis caused Smith's disability. Dr. Anderson's opinion, therefore, had only marginal relevance, if any at all, to the question of causation, and Judge Gilday clearly put too much emphasis on it. As to the inconclusive evidence, the Board merely noted that Dr. Lane's lack of an opinion did not support Smith's application because it is the miner's duty to prove causation. *Adams*, 886 F.2d at 825–26 n. 9.

In his first opinion, Judge Gilday concluded that this evidence did not establish a sufficient causal link between Smith's disability and his pneumoconiosis, based on a too-narrow view of what the expression "at least in part" means in the *Adams* case. In addition, Judge Gilday's view of the causal link had been affected by the virtually irrelevant opinion of Dr. Anderson. As a matter of law, therefore, the Benefits Review Board reversed Judge Gilday and remanded the case so that he could apply the proper standard. The Board also gave Judge Gilday the opportunity to reevaluate the evidence without giving undue consideration to Dr. Anderson's opinion. The Board's action, while it obviously irked Judge Gilday, was not improper. And Judge Gilday's second opinion, while it may have overstated the law of *Adams*, did not reach an incorrect conclusion under that law.

Perhaps the issue remains as to whether a *de minimis* link between pneumoconiosis and a claimant's disability is sufficient under *Adams*. The Adams court left that question open because the facts of *Adams* did not involve *de minimis* causation. The facts of this case are, I believe, virtually the same, for Smith clearly provides more that a *de minimis* amount of evidence to show a causal link in his application for benefits. While this court may want to address the *de minimis* footnote from *Adams* in the appropriate case, it is not necessary to do so here.

The decision by Judge Gilday, while reluctantly entered, is supported by substantial evidence. And, while Judge Gilday may have

---

1. The Board does not explicitly state that it disagrees with the way Judge Gilday applied *Adams* to the facts of this case. Rather, the Board states only that Judge Gilday "mischaracterized" some of the evidence. While this term suggests that the Board is reevaluating the evidence, that is not the case. Rather, the Board is simply applying the correct *Adams* standard to these facts.

invoked a standard unsupported by *Adams,* the final outcome of this case meets the requirements of *Adams.* For this reason, I would uphold the decision of the Benefits Review Board affirming the decision of the administrative law judge, without the necessity of a remand.