**Forest GALLAHER, Petitioner,**

v.

**BELLAIRE CORPORATION; Director, Office of Workers' Compensation Programs, United States, Respondents.**

No. 03–3066.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

529

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

## ORDER

Forest Gallaher, an Ohio citizen, petitions pro se for review of an order of the Benefits Review Board denying his motion for reconsideration in a case filed pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gallaher worked for over sixteen years in coal mining, ending in 1983. He applied for black lung benefits in 1996. His claim was denied at the administrative level, and although he claims he filed an appeal of that decision, no such appeal is in the record. He filed a duplicate claim in 1997, which was again denied at the administrative level. Gallaher pursued this claim, attending a hearing before an administrative law judge (ALJ). The ALJ determined that Gallaher had established a material change in condition since his earlier claim, as the evidence now showed that he had a total respiratory disability. *See Sharondale Corp. v. Ross,* 42 F.3d 993, 997–98 (6th Cir.1994). All of the evidence was therefore reviewed to determine whether the existence of pneumoconiosis had been established. Concluding that it had not been, the ALJ denied the claim. Gallaher appealed to the Benefits Review Board (BRB), which vacated the ALJ's decision and remanded for further consideration of an opinion by Dr. Reddy diag-

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

nosing pneumoconiosis, which the ALJ had apparently erroneously discounted as outweighed by the X-ray evidence. On remand, the ALJ again discounted Dr. Reddy's opinion, this time because the positive X-ray reading on which he relied had been re-read as negative by five highly qualified physicians, and because his diagnosis of pneumoconiosis conflicted with the diagnosis from an exam he had performed one year earlier, without sufficient explanation of the difference. Again, Gallaher appealed to the BRB, which affirmed the ALJ's decision. Gallaher then moved for reconsideration, arguing that Dr. Reddy's opinion was sufficient to establish the existence of pneumoconiosis. Alternatively, Gallaher argued through counsel that, if Dr. Reddy's diagnosis of pneumoconiosis was rejected, then the Department of Labor had not satisfied its obligation to provide Gallaher with a complete, credible pulmonary evaluation. The BRB rejected both of these arguments, and denied reconsideration. This petition for review followed. The parties have construed Gallaher's brief as reiterating the two arguments raised by his former counsel on reconsideration.

This court reviews a decision in a black lung benefits claim to determine whether it is supported by substantial evidence and in conformance with the applicable law. *Cal–Glo Coal Co. v. Yeager,* 104 F.3d 827, 830 (1997). Upon careful consideration, we conclude that the decision below meets this standard, and the petition for review must therefore be denied.

■ In this case, the decisive issue was whether Gallaher suffered from pneumoconiosis, as the ALJ concluded that he had a total respiratory disability. Two methods of establishing the existence of pneumoconiosis were available in this case: X-ray evidence and physicians' opinions. Of the fourteen X-ray readings in the record, only one was positive for pneumoconiosis, and the ALJ reasonably concluded that pneumoconiosis had not been established by this method. Gallaher had been examined by Dr. Reddy at the request of the Department of Labor in connection with both his 1996 and 1997 claims. In his 1996 report, Dr. Reddy diagnosed chronic obstructive pulmonary disease due to smoking. In his 1997 report, Dr. Reddy again made this diagnosis, but added a diagnosis of coal workers' pneumoconiosis based on history and X-ray (the one positive reading discussed above). The only other difference between the two reports besides the X-ray reading was the coal mine employment history, which Dr. Reddy listed as seventeen years ending in 1973 in the first report, and eighteen years ending in 1983 on the second report. Gallaher made similar errors in recounting his work history at the hearing in this case. Because the doctor did not explain why the ten year difference in retirement date would change his diagnosis, the ALJ found that his diagnosis of pneumoconiosis was not reasoned, and was based only on an X-ray reading that had subsequently been repudiated by the readings of five highly qualified physicians. An ALJ properly discounts an opinion diagnosing pneumoconiosis which is based on an inaccurate X-ray reading. *Island Creek Coal Co. v. Compton,* 211 F.3d 203, 211–12 (4th Cir.2000). On the other hand, Gallaher was also examined by another doctor at the request of the respondent, who diagnosed asthma and explained his conclusion in his report and at a deposition. Additionally, a third physician reviewed the medical evidence at the request of respondent, and also opined that pneumoconiosis had not been established. Because Dr. Reddy's diagnosis of pneumoconiosis was discredited and outweighed by the opinions of the other two physicians, Gallaher failed to prove entitlement to benefits by a preponderance of the evi-

dence. *Director, OWCP v. Greenwich Collieries,* 512 U.S. 267, 273, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994).

Gallaher's alternative argument on reconsideration was that, if Dr. Reddy's diagnosis of pneumoconiosis was not accepted, then the Department of Labor had failed to satisfy its obligation of providing Gallaher with a complete, credible pulmonary evaluation. Where a doctor's examination report provided by the Department does not address an essential element of entitlement, the Department has been found to have failed to satisfy this obligation. *Cline v. Director, OWCP,* 917 F.2d 9, 11 (8th Cir.1990). However, Dr. Reddy's report does address the existence of pneumoconiosis. The ALJ rejected his conclusion because it was an unexplained contradiction of his diagnosis from one year earlier, and appeared to be based only on an X-ray reading that was called into question. This is not the same as failing to address the essential elements of entitlement at all. Counsel for the Director also points out that the Department submitted other evidence on the existence of pneumoconiosis, including two negative X-ray readings, and therefore discharged its obligation. *See Oliver v. Director, OWCP,* 993 F.2d 1353, 1354 (8th Cir.1993). This alternative argument is therefore also without merit.

For all of the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.