NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0360n.06
Filed: May 25, 2007

Nos. 06-3808; 06-3907

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WILLIAM WESLEY SMITH,

        Petitioner/
        Cross-Respondent,

v.

MARTIN COUNTY COAL CORPORATION,

        Respondent/
        Cross-Petitioner,

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

        Respondent.

ON PETITION FOR REVIEW
OF AN ORDER OF THE BENEFITS
REVIEW BOARD, UNITED STATES
DEPARTMENT OF LABOR

_____/

BEFORE:    SUHRHEINRICH, CLAY and SUTTON, Circuit Judges.

        **SUHRHEINRICH, Circuit Judge.** This action is a claim for black lung benefits under Title

IV of the Federal Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits

Act of 1972, 30 U.S.C. §§ 901-945. Petitioner William W. Smith ("Claimant") appeals from a final

order of the United States Department of Labor ("DOL") Benefits Review Board ("BRB") denying

him benefits. Respondent Martin County Coal Corporation ("Martin Coal") cross-appeals,

contending the DOL's December 20, 2000 regulations, limiting the amount of medical evidence the

parties may submit in black lung proceedings ("evidence-limiting regulations"), are invalid. *See* 20 C.F.R. § 725.414(a)(2), (3). Respondent Director of the Office of Workers' Compensation Programs of the DOL ("Director"), named as a party in interest, asserts the validity of the evidence-limiting regulations. Because we find substantial evidence supports the Administrative Law Judge's ("ALJ") determination that Claimant failed to establish that his total respiratory disability was caused by pneumoconiosis under 20 C.F.R. § 718.204, we AFFIRM the BRB's order. We additionally find that Claimant received a "complete pulmonary evaluation" pursuant to 20 C.F.R. § 725.406(a). We decline to address the issue of the validity of the DOL's evidence-limiting regulations.

## I. BACKGROUND

Claimant, born in 1931, worked underground in coal mine employment for thirty years, until 1977. In 1979 he filed a Part C claim with the DOL and was initially awarded benefits, but denied benefits on appeal. In 1996, Claimant filed a duplicate claim with the DOL, and the claim was again denied, as Claimant failed to establish a totally disabling respiratory or pulmonary impairment. He filed his current claim on May 9, 2001.

At the May 7, 2003 hearing before the ALJ, the parties mutually agreed to waive objections to the 20 C.F.R. § 725.414(a) evidence-limiting regulations, which limit the parties to two medical opinions in support of their respective affirmative cases. On September 29, 2003, the ALJ issued his decision and order. The ALJ's decision noted that Martin Coal conceded Claimant's establishment of pneumoconiosis as well as a totally disabling pulmonary impairment. However, the ALJ denied benefits because Claimant failed to prove his disability was caused by pneumoconiosis.

Claimant appealed to the BRB, challenging the ALJ's evaluation of the medical opinion

-2-

evidence. The Director filed a motion to remand, arguing that the ALJ erred both in his evaluation of the medical opinion evidence, and in failing to apply the § 725.414 evidence-limiting regulations. The BRB reversed and remanded, holding that a party's submission of evidence may not exceed the § 725.414 evidentiary limitations absent a showing of good cause, and that the § 725.414 regulations may not be waived by the parties. Additionally, the BRB held that the ALJ erred in finding the report of Dr. Baker, the physician who provided a DOL-sponsored medical evaluation, silent on the issue of "disability causation" (whether Claimant's pneumoconiosis is a substantially contributing cause of his disability), and instructed the ALJ to consider Dr. Baker's opinion on disability causation.

On remand, the ALJ found that Martin Coal had not established "good cause" for the admission of two physicians' reports in excess of the § 725.414 evidentiary limitations, and limited his consideration of physicians' opinions designated by Martin Coal to Drs. Zaldivar and Jarboe. With regard to the issue of disability causation, the ALJ gave "little weight" to the opinions of Claimant's designated physicians, Drs. Walz and Feinberg, both positive on the issue of disability causation. The ALJ also gave "little weight" to the positive DOL-sponsored opinion of Dr. Baker. On the other hand, the ALJ gave "substantial weight" to the negative opinions of Martin Coal's designated physicians, Drs. Zaldivar and Jarboe. Finding Claimant had not established disability causation, the ALJ denied benefits. The BRB affirmed.

## II. ANALYSIS

In his petition for review to this Court, Claimant first argues that the ALJ's decision does not rest upon substantial evidence because the ALJ: (1) wrongly relied on Dr. Zaldivar's opinion; and (2) should have afforded greater weight to the DOL-sponsored opinion of Dr. Baker. Claimant's

second argument is that if it was proper for the ALJ to discredit Dr. Baker's report, the DOL necessarily failed to fulfill its statutory obligation to provide Claimant with a "complete pulmonary evaluation" in compliance with DOL regulations, and the proper remedy in that instance is a remand for Claimant to receive a new pulmonary evaluation in compliance with DOL regulations.

## A. Standard of Review

This Court has plenary authority to review the Board's legal conclusions, and reviews such conclusions de novo. *Paducah Marine Ways v. Thompson*, 82 F.3d 130, 133 (6th Cir. 1996). The ALJ's findings are conclusive if they are supported by substantial evidence and are in accordance with the applicable law. *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602, 606 (6th Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cross Mountain Coal, Inc. v. Ward*, 93 F.3d 211, 216 (6th Cir. 1996). "We do not reweigh the evidence or substitute our judgment for that of the ALJ." *Tenn. Consol.*, 264 F.3d at 606. Thus, we will not reverse the conclusions of an ALJ that are supported by substantial evidence, "even if the facts permit an alternative conclusion." *Id.* In deciding whether the substantial evidence standard is satisfied, we consider whether the ALJ adequately explained the reasons for crediting certain testimony and documentary evidence over other testimony and documentary evidence. *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir. 1997).

## B. Substantial Evidence

In order to establish entitlement to benefits, Claimant must prove: (1) he has pneumoconiosis; (2) his pneumoconiosis arose at least in part out of his coal mine employment; (3) he is totally disabled; and (4) the disability is due to pneumoconiosis (disability causation). *See* 20 C.F.R. §§ 718.202-204 (2000); *Adams v. Director*, *OWCP*, 886 F.2d 818, 820 (6th Cir. 1989). The claimant

bears the burden of proving each of these elements by a preponderance of the evidence. *Id.* at 820.

Because Claimant's most recent application for benefits was filed more than one year following the final denial of his prior claim, it was properly considered under the regulation governing duplicate claims, under which he bears the burden to show a material change in his condition before further adjudication. *See* 20 C.F.R. § 725.309(d); *Sharondale Corp. v. Ross*, 42 F.3d 993, 996 (6th Cir.1994). Martin Coal concedes all elements of entitlement with the exception of the fourth element–disability causation. To assess whether a material change is established, the ALJ must consider all of the new medical evidence obtained after the previous denial, both favorable and unfavorable, and determine whether Claimant has proven the disability causation element, which was previously adjudicated against him. *See id.* at 997-98.

In order to prove disability causation, Claimant must "affirmatively establish that pneumoconiosis is a contributing cause of some discernible consequence to his totally disabling respiratory impairment," and establish that the pneumoconiosis is "more than merely a speculative cause of his disability." *Peabody Coal Co. v. Smith*, 127 F.3d 504, 507 (6th Cir. 1997). The causal link between respiratory disability and his pneumoconiosis must be more than *de minimis*. *Id.* To the extent that the claimant relies on a physician's opinion to make this showing, the opinion must reflect reasoned medical judgment. *See Griffith v. Director, OWCP*, 49 F.3d 184, 186-87 (6th Cir. 1995).

### 1. Dr. Zaldivar's Opinion

Claimant challenges the ALJ's reasoning for the crediting of Dr. Zaldivar's opinion of no disability causation, because Dr. Zaldivar "listed the etiology [of Claimant's disability] as pulmonary

fibrosis[,] but did not make any finding as to the cause [of the pulmonary fibrosis]."[1] The issue for our purposes is whether the ALJ adequately explained the reasons for crediting Dr. Zaldivar's opinion.

In his decision following remand by the BRB, the ALJ noted that Dr. Zaldivar, a Board-certified Internist, Pulmonologist, and B reader,[2] opined that Claimant's disability was due to pulmonary fibrosis unrelated to coal mine employment rather than a manifestation of pneumoconiosis. The ALJ quoted relevant portions of Dr. Zaldivar's deposition testimony in which Dr. Zaldivar explained the basis for his diagnosis that Claimant's disability was not due to pneumoconiosis. First, Dr. Zaldivar explained that coal workers' pneumoconiosis does not cause the particular pattern of scarring seen on the x-ray–a diffuse rather than focal pattern of scarring–but instead the pattern indicates Claimant has pulmonary fibrosis not caused by coal dust inhalation. Second, the ALJ noted that Dr. Zaldivar used the specific results of the pulmonary function and arterial blood gas tests to exclude coal miner's pneumoconiosis as a cause for the disability. According to Dr. Zaldivar, coal miners' pneumoconiosis causes airway obstruction, which Claimant did not manifest. Claimant did however have a restriction of lung capacity. Dr. Zaldivar testified that a restriction can be a symptom of pneumoconiosis, but only when there is progressive massive fibrosis with densities that are B or higher, also not evidenced by Claimant.

[1]Without citation to specific pages in the joint appendix, Claimant also argues that Dr. Zaldivar's opinion vacillated, in that Dr. Zaldivar "originally diagnosed category 3/2 coal workers' pneumoconiosis and now changed his opinion to find no coal workers' pneumoconiosis." We are unable to substantiate claimant's assertion, and deem this argument as waived.

[2]A "B-reader" has demonstrated proficiency in assessing and classifying x-rays for pneumoconiosis by successfully completing an examination conducted by or on behalf of the Department of Health and Human Services. 20 C.F.R. § 718.202(a)(1)(ii)(E).

The ALJ afforded substantial weight to Dr. Zaldivar's opinion, finding it supported and based on objective evidence, and noted Dr. Zaldivar's superior credentials. Contrary to Claimant's argument on appeal, it is of no event that Dr. Zaldivar failed to trace his diagnosis of pulmonary fibrosis to a particular cause. Rather, it was decisive that Dr. Zaldivar had medically supported reasons for excluding coal dust exposure as a cause of the pulmonary fibrosis, which in turn caused his disability. We thus find that the ALJ adequately explained his reasons for crediting Dr. Zaldivar's opinion.

### 2. Dr. Baker's Opinion

Claimant next argues that the ALJ's finding that "Dr. Baker's report was not well documented" was not supported by substantial evidence. We find otherwise. The ALJ noted that Dr. Baker, a board-certified internist, pulmonologist, and B reader, diagnosed a mild impairment caused by pneumoconiosis. The ALJ further noted that while Dr. Baker's report indicated the basis for the positive disability causation diagnosis was an abnormal x-ray and a history of coal dust exposure, Dr. Baker did not explain how his underlying documentation supports this diagnosis. The ALJ did not totally discredit Dr. Baker's report, but rather noted Dr. Baker's credentials and gave "little weight" to Dr. Baker's opinion on this issue. The credit of little weight to a physician's opinion lacking in detail is proper. *See Wolf Creek Collieries v. Director, OWCP*, 298 F.3d 511, 517 (6th Cir. 2002) (stating that an ALJ may give little weight to medical opinion that lacks support and detail).

The ALJ permissibly credited Dr. Zaldivar's well-reasoned report and testimony over the conclusory opinion of Dr. Baker in determining that Claimant had not met his burden of proof. The ALJ's conclusion that Claimant failed to establish eligibility for black lung benefits by a

preponderance of the evidence is thus supported by substantial evidence.

### C. Complete Pulmonary Evaluation

Claimant advances the position that if the ALJ's rejection of the DOL-sponsored opinion of Dr. Baker was indeed proper, then this Court must order a remand because the DOL had not discharged its obligation to provide him with a "complete pulmonary evaluation." We find a remand unnecessary here because Claimant did receive a complete pulmonary evaluation in compliance with DOL regulations.

DOL regulations provide that each claimant is entitled to a "complete pulmonary evaluation" sponsored by the DOL: "The Act requires the [DOL] to provide each miner who applies for benefits with the opportunity to undergo a complete pulmonary evaluation at no expense to the miner. A complete pulmonary evaluation includes a report of physical examination, a pulmonary function study, a chest roentgenogram and, unless medically contraindicated, a blood gas study." 20 C.F.R. § 725.406(a); s*ee also* 30 U.S.C. §923(b), 20 C.F.R. §§ 718.101(a), 718.401, 725.406(b). Claimant does not allege that he did not receive any of these tests and concedes that Dr. Baker's report was documented by "a chest x-ray, pulmonary function studies, physical examination and arterial blood gas studies."

Rather, he argues that his examination report was deficient because the ALJ failed to assign controlling weight to the DOL-sponsored physician's opinion, and he is therefore entitled to a remand for further medical evaluation and adjudication. However, that is not the standard. In order for the examination report to satisfy the DOL's obligations under the Act and regulations, the DOL must provide a medical opinion that addresses all of the essential elements of entitlement. *See Gallaher v. Bellaire Corp.*, No. 03-3066, 2003 WL 21801463, at *2 (6th Cir. Aug. 4, 2003)

(unpublished case) ("Where a doctor's examination report provided by the Department does not address an essential element of entitlement, the Department has been found to have failed to satisfy this obligation.") (*citing Cline v. Director*, *OWCP*, 917 F.2d 9, 11 (8th Cir. 1990)).

*Keith v. Director*, *OWCP*, No. 92-3433, 1992 WL 349292 (6th Cir. Nov. 25, 1992) (unpublished case) is analogous, and involves the same Dr. Baker. In *Keith*, the Director argued for a remand on the basis that Dr. Baker failed to address the element of whether the claimant was totally disabled. *Id.* at *2. However, we found that Dr. Baker addressed the disability element on the DOL medical history examination form, in response to a question which asked for the physician's medical assessment of the claimant's degree of severity of impairment. *Id.* at *3. Dr. Baker's written response was "mild or minimal." *Id.* We held that while more detail could have been provided, the "lack of [a] more detailed explanation does not render Dr. Baker's report inadequate in fulfilling the DOL's obligation to provide [the claimant] with a full pulmonary examination and report." *Id*.

The *Keith* Court further distinguished the cases of *Newman v. Director, OWCP*, 745 F.2d 1162 (8th Cir. 1984) (per curiam) (remand ordered because DOL-sponsored physician failed to perform the necessary testing) and *Johnson v. Director, OWCP*, No. 89-3211, 1989 WL 144348 (6th Cir. Nov. 30, 1989) (per curiam) (same):

> In those cases, the medical opinions were discredited due to insufficient quality or lack of valid objective tests to support the physicians' conclusions in those cases. In both cases, as a result, the record was left void of any reliable medical opinion whatsoever in order for the ALJ to determine the claimant's respiratory condition or alleged disability therefrom.[3]

---

[3]The oft-quoted language from *Newman* is "[w]e cannot say that the Department of Labor fulfilled its responsibility for providing a complete pulmonary evaluation by arranging to obtain an informed medical opinion regarding Newman's condition, but then rejecting that opinion as not credible." *Newman*, 745 F.2d at 1166.

*Keith*, 1992 WL 349292, at *3.

In the instant case, Dr. Baker completed the Medical History and Examination form for Coal Mine Workers' Pneumoconiosis. The question on the form relevant to disability causation states: "Based upon your examination, does the miner have an occupational lung disease which was caused by his coal mine employment? [check boxes for YES and NO] If yes, what is the basis of this diagnosis?" Dr. Baker checked the box for "yes" and as the basis for his diagnosis listed "abnormal chest x-ray" and "coal dust exposure." While Dr. Baker's explanation for his basis for the diagnosis could have been more detailed, Dr. Baker *addressed* the necessary elements of a claim for black lung benefits, including disability causation. Claimant also received all of the necessary tests. Dr. Baker need not provide exhaustive detail or explanation for his diagnosis regarding disability causation, and the ALJ need not give controlling weight to the opinion of the physician who conducted the DOJ-sponsored pulmonary evaluation for Claimant to have received a "complete pulmonary evaluation."

While the ALJ did not give controlling weight to Dr. Baker's opinion, he did not totally discredit it either, he merely accorded it "little weight." Even if Dr. Baker's opinion was totally discredited, the record would not have been left "void of any reliable medical opinion whatsoever" on the issue of disability causation. *Keith*, 1992 WL 349292, at *3. To the contrary, the ALJ found the opinions of Drs. Zaldivar and Jarboe well-reasoned, well-documented, and supported by objective medical evidence on the issue of disability causation; thus the record cannot be said to be deficient of credible evidence on an essential element of a claim for black lung benefits. We therefore conclude Claimant received a "complete pulmonary evaluation" in compliance with DOL regulations.

Claimant and Martin Coal challenge, and the Director defends, the validity and application of the evidence-limiting regulations as set forth in 20 C.F.R. § 725.414(a)(2), (3).[4]  Given our determination that sufficient evidence supports the decision of the ALJ, and that Claimant received a complete pulmonary evaluation, we need not resolve this issue today.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the decision and order of the Benefits Review Board denying black lung benefits to Claimant.

---

[4]The evidence-limiting regulations provide that a claimant and the responsible operator are each entitled to submit, in support of their respective affirmative cases, "no more than two chest X-ray interpretations, the results of no more than two pulmonary function tests, the results of no more than two arterial blood gas studies, no more than one report of an autopsy, no more than one report of each biopsy, and no more than two medical reports."  20 C.F.R. § 725.414(a)(2)(i), (3)(i).